IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NORTH STAR INNOVATIONS INC., | § § | |
| Plaintiff, | § § | C.A. No. _____ |
| v. | § § | **JURY TRIAL DEMANDED** |
| GOPRO, INC., | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff NORTH STAR INNOVATIONS INC. ("Plaintiff") files this Original Complaint against Defendant GOPRO, INC. ("Defendant") alleging as follows:

### I. THE PARTIES

1.  Plaintiff is a Delaware corporation with its principal place of business at Plaza Tower, 600 Anton Boulevard, Suite 1350, Costa Mesa, CA 92626. Plaintiff is a subsidiary of Wi-LAN Technologies Inc.

2.  Defendant is a Delaware corporation with a principal place of business at 3000 Clearview Way, San Mateo, CA 94402. Defendant may be served through its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

### II. JURISDICTION AND VENUE

3.  This is an action for infringement of a United States patent. Federal question jurisdiction is conferred to this Court over such action under 28 U.S.C. §§ 1331 and 1338(a).

4.  Defendant has had minimum contacts with the District of Delaware such that this venue is fair and reasonable. Defendant has committed such purposeful acts and/or transactions in this District that it reasonably should know and expect that it could be hailed into this Court as

a consequence of such activity. Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the District of Delaware.

5. Further, Defendant manufactures and/or assembles products that are and have been used, offered for sale, sold, and/or purchased in the District of Delaware. Defendant directly and/or through its distribution network, places infringing products or systems within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that those products will be sold and/or used in the District of Delaware.

6. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

7. On April 6, 1999, United States Patent No. 5,892,777 ("the '777 Patent") was duly and legally issued for an "APPARATUS AND METHOD FOR OBSERVING THE MODE OF A MEMORY DEVICE." A true and correct copy of the '777 Patent is attached hereto as Exhibit "A" and made a part hereof.

9. The '777 Patent is referred to as the "Patent-in-Suit." Generally speaking, the '777 Patent relates to integrated circuits, and more specifically relates to a novel method for observing a control register in a memory device that, among other things, does not affect the conventional operation of the memory device.

10. Plaintiff is the owner of all right, title and interest in and to the Patent-in-Suit, with all rights to enforce it against infringers and to collect damages for all relevant times, including the right to prosecute this action.

11. Defendant, without authority, consent, right, or license, and in direct infringement of the Patent-in-Suit, manufactures, has manufactured, makes, has made, uses, imports, has

imported, markets, sells, or offers for sale systems or products that allow for performance of a method that infringes one or more claims of the Patent-in-Suit. By way of example only, Defendant's GoPro Hero4 Session product, including Part No. CHDHS-101 and any other GoPro product with similarly-operating technology ("Accused Products"), include memory circuitry that is capable of performing a method that directly infringes at least Claim 1 of the '777 Patent. The Accused Products infringe the '777 Patent because, at a minimum, they allow for observance of a control register in a memory device by storing a received value in a control register responsive to a first signal, outputting the received value responsive to a second control signal, and disabling the operation of the memory device responsive to the second control signal, all of which are performed in an infringing manner in accordance with Claim 1 of the '777 Patent.  Defendant, through its use of the Accused Products, including in-house use of the Accused Products and use of the Accused Products through their testing and development stages, directly infringes at least Claim 1 of the '777 Patent.

13. Further, Defendant induces infringement of one or more of the claims of the Patent-in-Suit by others and is therefore liable for its indirect infringement. Specifically, by way of example only, Defendant provides Accused Products to consumers for use within the United States. Customers (end users) that utilize the Accused Products perform the method of Claim 1 and thereby directly infringe at least Claim 1 of the Patent-in-Suit. Defendant has had knowledge of, or was willfully blind to, the Patent-in-Suit and knowledge of, or was willfully blind, to the fact that its actions would induce infringement since at least as early as the filing of this Complaint.

14. Defendant possessed a specific intent to induce infringement by, at a minimum, providing product briefs, specification sheets and/or instructions on how to utilize the Accused Products in a way that would infringe the Patents-in-Suit.

15. Alternatively, Defendant has purposefully and voluntarily placed, or caused or encouraged to be placed, infringing products into the stream of commerce with the expectation that its products will be purchased by end users in the United States.

16. Plaintiff expressly reserves the right to assert additional claims of the Patent-in-Suit.

17. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates for its infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284. Based on Defendant's objective recklessness, Plaintiff is further entitled to enhanced damages under 35 U.S.C. § 284.

## IV.  JURY DEMAND

18. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '777 Patent have been directly infringed, either literally or under the doctrine of equivalents, by Defendant, or judgment that one or more of the claims of the '777 Patent have been directly infringed by

      others and indirectly infringed by Defendant, to the extent Defendant induced such direct infringement by others;

b.    Judgment that Defendant accounts for and pays to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.    That Defendant's infringement be found to be willful from the time Defendant became aware of its infringement, which is the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.    That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| Dated: June 16, 2016 | Respectfully submitted, |
| Of Counsel: | **FARNAN LLP** |
| Jonathan T. Suder<br>Corby R. Vowell<br>Dave R. Gunter<br>FRIEDMAN, SUDER & COOKE<br>604 East 4th Street, Suite 200<br>Fort Worth, TX  76102<br>817-334-0400<br>Fax:  817-334-0401<br>jts@fsclaw.com<br>vowell@fsclaw.com<br>gunter@fsclaw.com | /s/ Michael J. Farnan<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>302-777-0300 Telephone<br>302-777-0301 Facsimile<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>*Counsel for Plaintiff*<br>*North Star Innovations Inc.* |